Rau, Assignee, v. City of Philadelphia

680

*Thomas D. McBride*, for plaintiff.

*Samuel Feldman*, assistant city solicitor, for defendant.

SLOANE, J., July 3, 1942.—Plaintiff and defendant submit this matter as a case stated.

Plaintiff is assignee of five employes of the Philadelphia County Prison, two physicians, one dentist, one physician and apothecary, and a stenographer. The board fixed their salaries for the year 1942. Council of the City of Philadelphia fixed *lesser* salaries and so paid them. Plaintiff seeks to recover the *difference* for the period January 1 to April 30, 1942.

This is the fifth identic case, except for the salary period involved: C. P. No. 1, June term, 1940, no. 3404 et seq.; C. P. No. 6, March term, 1941, no. 425; C. P. No. 2, June term, 1941, no. 584; C. P. No. 4, December term, 1941, no. 1867. Each of the previous cases resulted in judgment for plaintiff. The last case came to Judge Finletter. Our learned colleague wrote an opinion. His judgment was that the authority to fix the salaries was conferred upon the board of prison inspectors by the Act of April 14, 1835, P. L. 232, sec. 2, 61 PS §624, and has not been repealed, citing Graham v. Philadelphia, 288 Pa. 152 (1927).

Defendant does not and cannot contest that ground, for it is definitely set by the Graham case, but argues that Judge Finletter's opinion failed to treat and dispose of the contention defendant raised, namely, that the action of the board of prison inspectors in fixing the salaries was ineffective because it was done after the city budget was required to be prepared. It renews that contention here.

Defendant's argument was disposed of by Judge Finletter sub silentio; we do so ad rem because the assistant city solicitor wants us to give express judgment on it.

The agreed-upon fact is that on September 29, 1941, the president of the board of prison inspectors sent to the Mayor of Philadelphia a written request for appropriation of the salaries which the board officially fixed on January 12, 1942. The mayor sent it to council in due course. It is plain, therefore, that council had that request before it prior to the time when it had to act on the budget, but disregarded it and by the budget ordinance of December 16, 1941, appropriated the lower amounts. Council thus declined to support the board's intention to fix the salaries in a larger amount. That body was in no way misled by the board's failure to hold its annual meeting and formally fix salaries prior to the time in which the budget was required to be adopted. This feature of the case is significant; it shows clearly that defendant's objection is not one based upon failure or refusal on the part of the board to disclose the salaries it was to fix or a failure to coöperate with the budget-fixing authorities. Council was not embarrassed.

Despite the actual fact of knowledge by council betimes, defendant wants to draw this line: If council has to establish its budget before January 1st, the prison inspectors should likewise *formally* adopt their payroll. The assistant city solicitor puts the question thus:

"If the Council of Philadelphia must establish a budget at least 16 days before the first day of each year, why should not the board of prison inspectors fix their employes' salaries in time to enable council to comply with the law, and why should not the Act of 1835 be so construed?"

Our reply runs that we are not the ones to make the board of prison inspectors act that way. The legislature is the body to do so, and it has not. Thus far no statutory limitation has been imposed upon the time in which the board of prison inspectors is to fix the salaries of prison employes other than that it be done "annually": Act of 1835, supra, sec. 2. Nowhere in the Philadelphia City Charter Act of June 25, 1919, P. L. 581, is there mandatory provision upon the board to hold its annual meeting to fix salaries prior to the time in which the budget is required to be prepared. The budget provisions impose duties on the mayor, city controller, and city council. They do mention the submission of necessary information by boards, commissions, and other governmental groups from which statements of estimated expenditures may be made up by the mayor. This the board of prison inspectors did, but these provisions do not invalidate expenditures fixed by it at a meeting subsequent to the date of the budget's adoption. Such invalidity could follow only from a failure to carry out a duty to act within a specific time. On this score, the ceremony of meeting is not the thing. The case of Commonwealth ex rel Kelley v. Pommer et al., 330 Pa. 421 (1938), relied upon and pointed out as important here by city's counsel, holds that the city council is bound by the express duty imposed by the City Charter Act to adopt a budget within a certain time. No duty to fix salaries before a specific date has been imposed upon the board of prison inspectors by the legislature.

If explicit direction is necessary to procure that sought-for harmony between the board of prison inspectors and city council in the formal or official fixing

and appropriating of salaries, it is for the legislature to supply it. We cannot do so by reading between the lines of either the Act of 1835 or the City Charter Act. In this respect, neither statute can have judicial implementation.

### Order

And now, July 3, 1942, judgment is entered for plaintiff in the sum of $1,216.67, the difference (for the first four-month period of 1942) between the salaries paid by defendant to plaintiff's assignors, and the salaries fixed by the board of prison inspectors, viz: Harry E. Tucker, $333.33; Howard E. Eastlack, $166.67; R. P. Wilkinson, $166.67; R. H. Spangler, $300; Nettie E. Smith, $250; total, $1,216.67.